**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 19 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ASHA PEREZ, an individual, | No. 12-15427 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-04181-JSW |
| v. | |
| ALAMEDA COUNTY SHERIFFS' OFFICE; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted November 8, 2013
San Francisco, California

Before: NOONAN and WATFORD, Circuit Judges, and LYNN, District Judge.[**]

Asha Bowling (née Perez), a deputy in the Alameda County Sheriffs' Office

("ACSO"), appeals the district court's grant of summary judgment dismissing her

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Barbara M. G. Lynn, District Judge for the U.S. District Court for the Northern District of Texas, sitting by designation.

lawsuit against her employer for violations of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900 *et seq.* In particular, Perez alleged that the ACSO and her supervisors had engaged in sex discrimination, sexual harassment, and unlawful retaliation. The district court also granted summary judgment in favor of the ACSO on Perez's various state law tort claims and federal civil rights claims. In reaching its decision, the district court held that the proceedings before the Alameda County Civil Service Commission ("Commission") were entitled to preclusive effect and that California's law of issue preclusion barred all of Perez's claims.

Whether the Commission's decision warrants preclusive effect is reviewed de novo, while the district court's determination that the requirements for issue preclusion have been satisfied is reviewed for abuse of discretion. *Miller v. Cnty. of Santa Cruz*, 39 F.3d 1030, 1032 (9th Cir. 1994). California law controls both inquiries. *White v. City of Pasadena*, 671 F.3d 918, 926 (9th Cir. 2012). We affirm in part, reverse in part, and remand.

**1.** The district court properly ruled that the Commission's decision upholding Perez's disciplinary action is entitled to preclusive effect. For an unreviewed administrative proceeding to have preclusive effect under California law, it must possess requisite judicial character and resolve disputed issues of fact

2

properly before it that the parties have had an adequate opportunity to litigate. *Id.* at 927 (citing *People v. Sims*, 651 P.2d 321, 327-28 (Cal. 1982)).

The Commission proceedings below satisfy this requirement. Indeed, Perez does not dispute the hearing's judicial character. Nor can she dispute that the Commission had the authority to adjudicate her discrimination claims, *see Schifando v. City of L.A.*, 79 P.3d 569, 573-76 (Cal. 2003), which she had an adequate opportunity to litigate through her statement of defenses, opening statement, introduction of evidence, examination of witnesses, personal testimony, and closing brief, *see Murray v. Alaska Airlines, Inc.*, 237 P.3d 565, 570-76 (Cal. 2010).

**2.** The district court did not abuse its discretion in ruling that the administrative law judge's ("ALJ") factual findings, which the Commission adopted, precluded Perez's claims of sexual harassment, failure to prevent harassment, and retaliation. *See Lucido v. Superior Court*, 795 P.2d 1223, 1225-26 (Cal. 1990). The ALJ specifically found that there was no evidence of a conspiracy to make Perez's work environment difficult, and that the discipline meted out was appropriate because Perez had neglected her duties as a patrol officer. These findings also bar Perez's state law tort claims and federal civil rights claims, which depend on her proving harassment and retaliation.

Contrary to the district court's decision, however, the ALJ made no factual finding that precludes Perez's sex discrimination claim under California's FEHA. In her complaint, Perez alleges that female deputies at the ACSO are held to a much higher standard than their male counterparts. Male deputies, she contends, receive more time to submit missing reports and are typically not subjected to internal affairs investigations—as she was—for untimely paperwork. So even if, as the ALJ found, Perez had failed to properly perform her duties, she may still have a viable sex discrimination claim if in fact her male colleagues produce similarly unsatisfactory paperwork and yet routinely escape punishment. *See Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220, 1222 (9th Cir. 1998). That Perez elicited brief testimony before the ALJ concerning the disparate treatment of male and female deputies does not alter this conclusion because the record shows that her sex discrimination claim was neither "submitted for determination" nor "determined" by the ALJ. *Murray*, 237 P.3d at 571 (emphasis omitted) (quoting *Sims*, 651 P.2d at 331). Accordingly, we reverse and remand as to Perez's sex discrimination claim only.

**AFFIRMED in part; REVERSED in part; REMANDED.**

**Each party shall bear its own costs.**